1    COOLEY LLP
     MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2    WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
     KYLE C. WONG (224021) (kwong@cooley.com)
3    KAREN L. BURHANS (303290) (kburhans@cooley.com)
     AMY M. SMITH (287813) (amsmith@cooley.com)
4    101 California Street, 5th Floor
     San Francisco, CA  94111-5800
5    Telephone:    (415) 693-2000
     Facsimile:    (415) 693-2222
6
     Attorneys for Defendant
7    GOOGLE INC.

8
                             UNITED STATES DISTRICT COURT
9
                          NORTHERN DISTRICT OF CALIFORNIA
10
                                  SAN JOSE DIVISION
11

12   RYAN CORLEY, et al., individuals,          Case No.  5:16-cv-00473-LHK-PSG

13                   Plaintiffs,                 **DEFENDANT GOOGLE INC.'S BRIEF IN
                                                 SUPPORT OF ADOPTION OF ITS
14          v.                                   PROPOSED PROTECTIVE ORDER**

15   GOOGLE INC., and DOES 1 through
     200,000,                                    Judge:      The Hon. Paul S. Grewal
16                                               Trial Date: Not yet set
                     Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW      131543391
SAN FRANCISCO

## I.    INTRODUCTION

1

2      Over the past two weeks, both Plaintiffs and Google Inc. ("Google") have spent significant

3   time and resources negotiating a stipulated protective order.   After coming to a series of

4   compromises, the parties reached an agreement on all points except for two provisions.  Google's

5   proposal to resolve these two issues accommodates each party's concerns, presents no prejudice to

6   Plaintiffs, and furthers one of the key purposes of any protective order—to safeguard the parties'

7   confidential and proprietary information.  Accordingly, the Court should adopt Google's Proposed

8   Protective Order, filed herewith.

## II.    FACTUAL BACKGROUND

9

10      On January 27, 2016, Plaintiffs filed a Complaint alleging that Google's automated

11   processing of their Google Apps for Education ("GAFE") email accounts violated the Electronic

12   Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* ("ECPA").  (Dkt. 1.)  Google anticipates

13   that discovery in this case will result in the production of proprietary, confidential, and sensitive

14   information regarding, among other things, its automated processing technology, disclosure of which

15   would pose a serious risk of competitive harm to Google.  (Declaration of Karen L. Burhans

16   ("Burhans Declaration" or "Burhans Decl.") ¶ 4.)

17      Judge Koh ordered the parties to file a proposed protective order for this Court's signature by

18   May 4, 2016.  (Dkt. 69, 79.)  Thereafter, the parties exchanged drafts and engaged in lengthy meet

19   and confer discussions by phone and email.  (Burhans Decl. ¶¶ 6-21.)  Believing in good faith that

20   they could reach agreement on the proposed protective order, the parties filed two separate

21   stipulations, both granted by Judge Koh, permitting the parties additional time to reach agreement

22   without Court intervention.  (*See* Dkt. 83, 87.)

23      The parties were able to reach substantial agreement in large part on the terms of a protective

24   order, with only two substantive issues remaining: first, whether the parties should be required to

25   disclose "Acknowledgements and Agreements to Be Bound" ("Acknowledgements") executed by

26   third parties who receive "CONFIDENTIAL" information; and second, whether "Protected

27   Information" produced in this case could be used in other "related" cases.  (Burhans Decl. ¶ 20.)

28   Google's proposed language on these issues is set out in Exhibit B to the Burhans Declaration,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131543391

**GOOGLE INC.'S BRIEF IN SUPPORT OF ADOPTION OF
ITS PROPOSED PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK**

1    which shows Google's proposed changes to the last version sent by Plaintiffs' counsel.  (*Id*. at ¶ 31.)

2    Judge Koh's May 9, 2016 Order stated that, if the parties could not reach agreement by May

3    11, 2016, each party should file a brief in support of their proposed protective order.  (Dkt. 87.)

4    **III.    ARGUMENT**

5          **A.    Google's Need to Protect Its Confidential Information Outweighs Any Potential
                Harm to Plaintiffs Arising from Disclosure of Acknowledgements.**

6

7          The primary point of contention between the parties is whether third parties required to

8    execute the Acknowledgement that they received information designated "CONFIDENTIAL" under

9    the protective order, should also be required to disclose those Acknowledgements—and,

10   accordingly, their identity—to the designating party.[1]  (*See* Burhans Decl. Ex. B at § I.D.)  Courts

11   have approved similar provisions requiring disclosure of executed Acknowledgements.  *See*, *e.g.*,

12   *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 10817203, at *11 (N.D. Cal.

13   Jan. 30, 2012) (approving protective order requiring service of acknowledgements on all parties).

14         Google is entitled to know the identity of those individuals with access to its Protected

15   Information, for two principal reasons.  First, disclosure of Acknowledgements is needed so Google

16   can enforce potential violations of the Protective Order.  If Google were to discover that its Protected

17   Information produced in this case has been improperly disclosed, it needs to know who may have

18   been involved in the improper disclosure, in order to prevent further improper use of its information

19   and seek appropriate relief.  Indeed, the entire purpose of an Acknowledgement is to ensure that

20   recipients of Protected Information abide by the Protective Order, yet that purpose is undermined if

21   recipients can unilaterally choose to hide their identities from Google (as Plaintiffs propose) and

22   preclude any effective means of enforcement.

23         Second, because Google is engaged in numerous cases at one time, with multiple opposing

24   experts and consultants, there is a heightened need for Google to know the identities of the

25   individuals who have access to its confidential information.  For example, if an individual who

26   ---

27   [1] The parties agreed to disclose the identity of (and provide Acknowledgements for) those individuals provided "CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("AEO") information (subject to Plaintiffs' ability to move the Court to prevent disclosure of the identity of an individual provided AEO information), but could not reach agreement on the disclosure of Acknowledgements for those individuals provided only "CONFIDENTIAL" information.  (Burhans Decl. ¶ 20 n.1.)

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131543391                            2.                    **GOOGLE INC.'S BRIEF IN SUPPORT OF ADOPTION OF
                                                            ITS PROPOSED PROTECTIVE ORDER
                                                            CASE NO. 5:16-CV-00473-LHK**

1    receives Protected Information in this case were retained in another matter involving Google, that

2    could create heightened risks that Google's information could be used improperly (for instance, a

3    consultant in this matter could be retained in a subsequent matter by a Google competitor).  Google

4    should be entitled to identify these types of circumstances and seek relief where appropriate, but

5    would be unable to do so without knowing the identities of the experts retained in this case.

6            Plaintiffs have indicated they oppose disclosure of these Acknowledgements for two reasons:

7    first, disclosing the identity of individuals provided with "CONFIDENTIAL" information would

8    intrude on Plaintiffs' trial strategy, and, second, requiring provision of such Acknowledgements to

9    Google will impede Plaintiffs' ability to engage expert witnesses or consultants who may not want

10   Google or others to know they were involved in a lawsuit against Google.  (Burhans Decl. ¶ 22.)

11           **Google's Proposed Compromise Resolves Plaintiffs' Trial Strategy Concerns.**   To

12   resolve Plaintiffs' first concern, Google agreed to Plaintiffs' request that any Acknowledgements

13   would be provided only *after* conclusion of the litigation, when there can be no possible concern

14   regarding potential disclosure of Plaintiffs' trial strategy.  (*See id*. at Ex. B § I.D.)

15           **Google's Proposed Compromise Accommodates Plaintiffs' Expert Concerns.**  Plaintiffs

16   have stated that this provision will hinder their ability to retain suitable experts.  But Plaintiffs have

17   provided no support for their fear, aside from their claim to have spoken to a few individuals who

18   may have been reluctant to participate in the litigation if their identity were disclosed.[2]  (*Id*. at ¶ 22.)

19   Plaintiffs have given no indication that these experts would in fact refuse to work on the case and

20   that their refusal is directly linked to the future disclosure of their name to Google at the end of the

21   case.[3]  Nor is there any reason to believe that Plaintiffs will be unable to locate *other* suitable experts

22   or consultants as a result of Google's proposed disclosure provision.  Yet to accommodate Plaintiffs'

23   concern—regardless of its validity—Google proposed a compromise such that, prior to disclosure of

24   an Acknowledgement, the signatory would be given notice of the impending disclosure and an

25

26   [2] Nor can Plaintiffs show that this provision will actually have any meaningful effect as it will apply
     only to those few, if any, consultants or experts who are not also shown AEO information.

27   [3] Plaintiffs expressed concern that academics could be wary of becoming involved in a case against
     Google, but, notably, in *In re Google Inc. Gmail Litigation*, No. 13-MD-02430-LHK (N.D. Cal.

28   Mar. 18, 2014), plaintiffs' expert was a Johns Hopkins University professor.

GOOGLE INC.'S BRIEF IN SUPPORT OF ADOPTION OF
ITS PROPOSED PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK

1    opportunity to seek a protective order in a manner that would protect his or her identity from Google

2    while the request for a protective order is resolved.  (*See id*. at Ex. B § I.D.)   Under Google's

3    proposal, Plaintiffs could also seek relief from the disclosure requirement.[4]   Thus, if unusual

4    circumstances arise and there is a need to retain an individual who insists on anonymity for

5    legitimate reasons, Plaintiffs can make that request to the Court.

6            Any burden to Plaintiffs from having to justify the need for anonymity is outweighed by

7    Google's actual need to understand the universe of individuals who have access to its confidential

8    and proprietary business information, disclosure of which would result in competitive harm to

9    Google.  Because Google has proposed a compromise that accommodates both parties' concerns, the

10   Court should adopt Google's proposed form of protective order.

11           **B.      The Parties Agree in Principle to Use of Protected Information in "Related
                       Litigation."**

12           In Plaintiffs' last iteration of the protective order, they requested a revision to allow

13   information produced in this case to be used in other "related" cases.  (*See id*. at Ex. A § V.A.)

14   Plaintiffs' counsel is involved in another suit on behalf of GAFE users that Google has asked Judge

15   Koh to relate to the instant case and, moreover, Google plans to move to sever all Plaintiffs' claims

16   in both suits, which could result in 855 individual suits concerning the same facts.  (*Id*. at ¶¶ 23-30.)

17   Google agrees that it is reasonable to allow Plaintiffs in these actions—but only these actions—to

18   share discovery produced in this matter.  Google therefore agrees to Plaintiffs' request, albeit in a

19   manner that appropriately limits use to these cases only, as set out in Google's proposed protective

20   order. (*See id*. at Ex. B p. 12 n.2.)  This remedies both parties' concerns.

21   **IV.    CONCLUSION**

22           For the reasons above, the Court should approve Google's proposed form of protective order.

23

24   ───────────────────────

25   [4] Plaintiffs refused Google's proposed compromise, demanding that Acknowledgement signatories
     be allowed to unilaterally refuse to provide their identity without justification.  Under Plaintiffs'
     formulation, if a signatory objected to disclosure of his or her Acknowledgement, it would be
26   provided only to Google's outside counsel and Google would need to move the Court for permission
     to view the Acknowledgement.  (Burhans Decl. Ex. A § I.D.)  This proposal does not alleviate
27   Google's concerns with respect to knowing who has access to its Protected Information because only
     Google's outside counsel will know these individuals' identities, and counsel is prohibited from even
28   confirming or denying that a particular individual possessed Protected Information.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131543391                                   4.

GOOGLE INC.'S BRIEF IN SUPPORT OF ADOPTION OF
ITS PROPOSED PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK

1   Dated:  May 13, 2016                         COOLEY LLP

2                                                */s/ Whitty Somvichian*
                                                _____
3                                                Whitty Somvichian (194463)
                                                Attorneys for Defendant Google Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28