COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
KAREN L. BURHANS (303290) (kburhans@cooley.com)
AMY M. SMITH (287813) (amsmith@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RYAN CORLEY, et al., individuals,<br><br>                    Plaintiffs,<br><br>       v.<br><br>GOOGLE INC., and DOES 1 through 200,000,<br><br>                    Defendants. | Case No.  5:16-cv-00473-LHK-PSG<br><br>**DEFENDANT GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO ADOPT THE NORTHERN DISTRICT OF CALIFORNIA'S MODEL PROTECTIVE ORDER**<br><br>Date:          May 24, 2016<br>Time:         10:00 a.m.<br>Courtroom: 5 - 4th Floor<br>                    280 S. First Street<br>                    San Jose, CA 95113<br><br>Judge:        The Hon. Paul S. Grewal<br>Trial Date:  Not yet set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131749206

GOOGLE INC.'S OPP. TO PLS.' MOTION TO ADOPT
N.D. CAL. MODEL PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK-PSG

## I. INTRODUCTION

Plaintiffs and Google Inc. ("Google") spent ten days and significant resources negotiating a protective order and reached agreement on nearly all issues. Plaintiffs now ask the Court to throw out the parties' hard work and adopt an entirely different protective order, simply because the parties could not agree on one issue (regarding disclosure of "Acknowledgements and Agreements to Be Bound" signed by experts who receive "Confidential" information) and had not yet fully resolved another issue that is largely undisputed (whether Protected Information can be used in "related" actions). The Court should decline Plaintiffs' proposal to go back to square one. Instead, Google requests that the Court (1) adopt the terms of the protective order that were agreed by the parties, and (2) resolve the two open issues in the manner proposed by Google in its Brief in Support of Adoption of Its Proposed Protective Order (Dkt. 90) ("Brief" or "Br.").

## II. ARGUMENT

### A. The Court Should Adopt the Parties' Agreed Terms and Resolve the Remaining Issues in the Manner Proposed by Google.

As set out in Google's Brief, as of the deadline to submit a stipulated protective order, the parties had reached agreement on a complete order except for the two issues above.[1] (Br. at 1-2; Declaration of Karen L. Burhans in Support of Google's Brief (Dkt. 90-1) ("Burhans Decl.") ¶ 20.) The parties worked hard to get to that point, exchanging eight drafts of the protective order, conferring for more than five hours, and spending substantially more time conferring internally and revising the protective order in an attempt to reach agreement. (Burhans Decl. ¶¶ 6-20.) Remarkably, Plaintiffs' Brief makes no mention of this nearly-complete protective order negotiated by the parties. Instead, Plaintiffs ask the Court to adopt an entirely different protective order; and, in so doing, Plaintiffs renege on significant aspects of the parties' agreement.[2] There is no reasonable

---

[1] With respect to the "related actions" issue, the parties did not have an opportunity to fully negotiate this provision as Plaintiffs first raised it the morning of May 11—the day the stipulated protective order was due to be filed. (Supplemental Declaration of Karen L. Burhans ("Supp'l Burhans Decl.") ¶ 6.) Google agrees that it is reasonable to allow the parties in this action, the *Amaral v. Google* action (N.D. Cal. Case No. 5:16-cv-02553-HRL) ("*Amaral*"), and any actions resulting from the severance of plaintiffs in this action or *Amaral*, to share discovery produced in this matter. (Br. at 4.) Google's proposed protective order includes this provision. (Burhans Decl. Ex. B at 13 n.2.)

[2] Specifically, Plaintiffs earlier agreed to adopt the Model Order's provisions (1) prohibiting former

Cooley LLP
Attorneys At Law
San Francisco

131749206

GOOGLE INC.'S OPP. TO PLS.' MOTION TO ADOPT
N.D. CAL. MODEL PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK-PSG

1  justification to abandon the parties' agreement when the Court can simply resolve the two remaining
2  issues discussed in Google's Brief.  Indeed, allowing Plaintiffs to discard the parties' agreement after
3  days of negotiations would frustrate the purpose of the meet and confer process: to encourage the
4  parties to narrow the issues that must be presented to the Court.

**B.     Alternatively, the Court Should Adopt the Model Order Without Modification.**

If the Court chooses not to adopt the terms the parties previously agreed upon, the Northern District's Model Order should be adopted without modification.  While Plaintiffs couch their proposal as mere adoption of the Model Order, their proposed order contains significant revisions that are prejudicial to Google.  Plaintiffs bear the burden of demonstrating that these deviations are warranted.[3]  *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501, 2013 WL 5663434, at *1 (N.D. Cal. Oct. 17, 2013) (the party requesting deviation from the Model Order must show "the specific harm and prejudice that will result if its request is not granted").  To satisfy their burden, Plaintiffs must show that the benefits of their proposed modifications outweigh any burden imposed by the modifications.  *Kelora Sys., LLC v. Target Corp.*, Nos. 10-cv-4947, et al., 2011 WL 6000759, at *3 (N.D. Cal. Aug. 29, 2011).  Plaintiffs cannot meet this burden.

**Plaintiffs' Modifications Regarding Experts:**  First, in contrast to the Model Order, Plaintiffs' proposed order includes former employees of Google and its competitors in the definition of permitted "Experts."  (*See* § 2.7 of Pls.' Proposed Protective Order.)  Plaintiffs claim, without support, that they "need the assistance of Google's (or its competitors') former personnel."  (*See* Plaintiffs' Mot. to Adopt ("Pls.' Br.") at 2.)  But this purported need is belied by Plaintiffs' own concession that they are actively considering unnamed computer science professors as potential experts, just as the plaintiffs did in the predecessor case *In re Google Inc. Gmail Litigation* ("*Gmail MDL*").  (*See* Br. at 3 n.3.)

Google, on the other hand, would be prejudiced by allowing Plaintiffs to retain Google's

---

employees of Google or its competitors from serving as expert witnesses and (2) requiring disclosure of the identity of all experts provided "Confidential – Attorneys' Eyes Only" ("AEO") information; each of which they now propose to modify to their advantage and to Google's prejudice.

[3] Plaintiffs do not acknowledge their need to show the appropriateness of deviation from the Model Order, focusing instead on modifications they anticipated Google would suggest.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131749206                                    2.                            GOOGLE INC.'S OPP. TO PLS.' MOTION TO ADOPT
                                                                            N.D. CAL. MODEL PROTECTIVE ORDER
                                                                            CASE NO. 5:16-CV-00473-LHK-PSG

former employees as experts with access to Protected Information, contrary to the Model Order's terms. Indeed, courts have consistently recognized that this circumstance is fraught with the risk of unfair prejudice. *See*, *e.g.*, *Space Sys./Loral v. Martin Marietta Corp.*, No. 95-cv-20122, 1995 WL 686369, at *2 (N.D. Cal. Nov. 15, 1995) (holding that a former employee who acquired confidential information during employment and is obligated to keep that information confidential may be disqualified as an expert witness); *Atari Corp. v. Sega of Am.*, 161 F.R.D. 417, 421 (N.D. Cal. 1994) (holding that "public policy disfavors the utilization of an adversary's former employees as experts in order to stunt discovery" where plaintiff tried to avoid discovery regarding ex-employee's personal knowledge about the case on the basis that he was a non-testifying expert). These concerns are fully applicable here.

Allowing former employees of Google's competitors to serve as experts with access to Protected Information also poses substantial risks to Google. For example, such individuals are likely to have ongoing contacts with colleagues at their former employer, or may resume work with their former employer, or may be candidates for positions with other Google competitors by virtue of their knowledge and experience. These concerns are why such individuals are excluded from the definition of permitted "Experts" under the Model Order and Plaintiffs have provided no valid basis to cast aside this important protection.

Second, Plaintiffs' modified order compounds the risks to Google by allowing Plaintiffs to conceal the identities of experts who receive AEO information, with disclosure required *only* if the expert is a current or anticipated employee of a Google competitor. This significantly deviates from the Model Order, which requires prior disclosure of *all* experts who may receive AEO information.[4] (*See* Model Order § 7.4(a)(2).) Plaintiffs' only rationale for limiting the Model Order's standard expert disclosure requirement is that "Plaintiffs will have a difficult-enough time engaging highly-qualified experts who are willing to help them against Google without eliminating all those willing to work if they are not identified to Google." (Pls.' Br. at 3.) But, again, an unsubstantiated concern cannot support a material deviation from the Model Order, particularly one that would directly

---

[4] Thus, Plaintiffs proposal is not merely the adoption of "alternative or optional language," as they would have the Court believe. (*See* Pls.' Br. at 3.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131749206

3.

GOOGLE INC.'S OPP. TO PLS.' MOTION TO ADOPT
N.D. CAL. MODEL PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK-PSG

prejudice Google's legitimate interests. (*See* Br. at 3-4.) As Google explained in its Brief, Google is entitled to know the identity of individuals with access to its Protected Information for important reasons: first, to enforce any potential violations of the protective order, and second, to identify and track inappropriate uses of its Protected Information across the various actions to which Google is a party.[5] (Br. at 2-4.)

In combination, Plaintiffs' proposed modifications to the Model Order would allow Plaintiffs to hire individuals who pose heightened risks to Google, provide them with highly sensitive information, and never disclose this fact to Google. The Model Order's terms are designed to prevent this very outcome and Plaintiffs have failed to meet their burden of justifying a deviation.[6]

**Modifications Regarding Source Code:** Early in the parties' negotiations, Google removed source code from the ambit of the protective order, informing Plaintiffs that, if source code needed to be produced, the parties could negotiate that protection under a separate agreement. (Supp'l Burhans Decl. ¶¶ 3-5.) Plaintiffs made no objection. (*Id.* at ¶ 5.) As such, the parties did not negotiate appropriate protections for source code and there is, as of yet, no dispute regarding source code protection for the Court to resolve.

### III.   CONCLUSION

For the reasons above and in Google's Brief, the Court should approve Google's proposed form of protective order, or alternatively, adopt the standard Model Order with no additions or optional language regarding source code.[7]

---

[5] Plaintiffs' proposed modification also gives Plaintiffs free reign to exercise subjective judgment as to who is or is not a "competitor" of Google—and thus, what experts need be disclosed—with zero oversight from Google or the Court.

[6] The Court should not adopt Plaintiffs' proposed Section 7.4(a)(2) for the additional reason that it is internally inconsistent. Section 7.4(a)(2)(i) allows Plaintiffs to disclose "Confidential" or AEO information to any expert without notice to Google so long as that expert is not a current or anticipated employee of one of Google's competitors, yet Section 7.4(a)(2)(ii) goes on to state that Plaintiffs must provide written disclosure before disclosing AEO information to any expert.

[7] As noted above, Google agrees in principle with Plaintiffs' suggestion to allow use of "Protected Information" produced in this case in certain other cases, but believes Plaintiffs' suggested language is too broad. Should the Court adopt the Model Order, Google proposes instead the narrower language included in Section V.A. of Exhibit B to the Burhans Declaration, limiting the use of Protected Information to the specific cases at issue. (Burhans Decl. Ex. B at 13 n.2.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131749206

4.

GOOGLE INC.'S OPP. TO PLS.' MOTION TO ADOPT
N.D. CAL. MODEL PROTECTIVE ORDER
CASE NO. 5:16-CV-00473-LHK-PSG

1  Dated:  May 17, 2016              COOLEY LLP

                                     */s/ Whitty Somvichian*
                                     Whitty Somvichian (194463)
                                     Attorneys for Defendant Google Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131749206                        5.            **GOOGLE INC.'S OPP. TO PLS.' MOTION TO ADOPT
                                                N.D. CAL. MODEL PROTECTIVE ORDER
                                                CASE NO. 5:16-CV-00473-LHK-PSG**