UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CORLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE, INC.,<br><br>    Defendant. | Case No. 5:16-cv-00473-LHK<br><br>**ORDER GRANTING REQUEST FOR RECUSAL**<br><br>**(Re: Docket No. 95)** |

    A short while ago, I announced my intention to resign on June 3 to take a position at Facebook, Inc. Since then, I have been touched by the many emails, phone calls, and yes, Facebook posts offering me warm congratulations and good wishes. One congratulatory note, however, stands out—a letter from Plaintiffs' counsel asking that I consider recusing myself from this case.[1]

    I want to be clear that I bear Mr. Gallo no ill will for his request. On the contrary, I commend him as a lawyer committed to his primary responsibility of protecting the interests of his clients. But as much as I respect Mr. Gallo, I struggle to understand the basis for his request. The letter articulates no basis other than the fact that my new employer may hold certain views about protecting confidential information in cases such as this.[2] And yet Facebook is not the defendant in this case—Google is. In fact, Facebook is not a party of any kind. The most that can be said of my future employer is that, like, Google, it provides a global social network with a certain public

---

[1] *See* Docket No. 95.

[2] *See id.*

profile and a certain litigation experience.  Those similarities by themselves come nowhere close to meeting the requirement under 28 U.S.C. § 455(a) that my impartiality might reasonably be questioned.

Still, I am mindful that the goal of Section 455 is "to avoid even the appearance of partiality," even where no partiality exists.[3]  Put another way, parties appearing before this or any other court deserve reasonable assurances that, when ruling on even the least significant procedural matter, their judge is not thinking even one bit of anything other than the merits of their positions under the law.  And so at the risk of erring on the side of caution and unnecessarily burdening my already overburdened colleagues on this bench, I GRANT Mr. Gallo's request, recuse myself from this matter and ORDER that the Clerk reassign discovery matters in this case without delay.

I must indulge in a final word to whichever magistrate judge colleague finds this pile dropped on his desk.  Under ordinary circumstances, I would buy you lunch for this inconvenience as a small token of my appreciation.  But the present circumstances suggest that even such a limited gesture might be misinterpreted.  So rather than giving you lunch, I give you something far more modest, but just as heartfelt: my thanks.

**SO ORDERED.**

Dated: May 23, 2016

                                               PAUL S. GREWAL
                                               United States Magistrate Judge

---

[3] *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotations omitted).