COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
KAREN L. BURHANS (303290) (kburhans@cooley.com)
AMY M. SMITH (287813) (amsmith@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RYAN CORLEY, et al., individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC., and DOES 1 through 200,000,<br><br>        Defendant. | Case No.  5:16-cv-00473-LHK (HRL)<br><br>**DEFENDANT GOOGLE INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**F.R.C.P. 8, 10, 12(B)(1), 12(B)(6), 12(E)**<br><br>Date:       October 27, 2016<br>Time:       1:30 p.m.<br>Judge:      Hon. Lucy H. Koh<br>Courtroom:  8 – 4th Floor<br>            280 S. First Street<br>            San Jose, CA 95113<br>Trial Date: Not yet set |

## TABLE OF CONTENTS

PAGE

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................... 1

MEMORANDUM OF POINTS & AUTHORITIES ..................................................................... 1

I.  INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................... 3

    A.  GAFE and Gmail .............................................................................................. 3

    B.  Plaintiffs' FAC .................................................................................................. 4

    C.  Procedural History ........................................................................................... 4

III. APPLICABLE STANDARDS ..................................................................................... 6

IV. ARGUMENT ............................................................................................................... 7

    A.  Plaintiffs Have No Standing To Bring ECPA Claims Because They Fail To
    Allege A Concrete And Particularized Injury-In-Fact ....................................... 7

        1.  The alleged "loss of value" of Plaintiffs' information is neither
        particularized nor concrete ................................................................... 8

        2.  The alleged loss of the "value" of Plaintiffs' "privacy" also fails to
        support any cognizable injury ............................................................. 10

    B.  Plaintiffs Have No Standing To Seek Injunctive And Declaratory Relief
    Because Plaintiffs Concede That Google's Alleged Scanning Ended On
    April 30, 2014 ................................................................................................. 14

    C.  The FAC Should Be Dismissed In Its Entirety For Failure To Plead
    Individualized Facts For Each Plaintiff's Separate Claim .................................. 16

V.  CONCLUSION .......................................................................................................... 19

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i.

GOOGLE INC.'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Anderson v. District Bd. of Trustees*,
   77 F.3d 364 (11th Cir. 1996)................................................................................18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................6

*Baker v. United States*,
   722 F.2d 517 (9th Cir. 1983)............................................................................15

*Bautista v. L.A. Cnty.*,
   216 F.3d 837 (9th Cir. 2000).................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................6

*Bennett v. Cnty. of Shasta*,
   No. 2:15-cv-1764-MCE-KJN, 2016 U.S. Dist. LEXIS 32722 (E.D. Cal. Mar.
   14, 2016) ..........................................................................................................17

*Bruton v. Gerber Prods. Co.*,
   961 F. Supp. 2d 1062 (N.D. Cal. 2013) .............................................................6

*Burton v. Time Warner Cable Inc.*,
   No. CV 12-06764 JGB, 2013 U.S. Dist. LEXIS 94310 (C.D. Cal. Mar. 20,
   2013) ..................................................................................................................3

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
   590 F.3d 806 (9th Cir. 2010)..............................................................................6

*City of L.A. v. Lyons*,
   461 U.S. 95 (1983)...........................................................................3, 14, 15, 16

*Cuviello v. City & Cty. of S.F.*,
   940 F. Supp. 2d 1071 (N.D. Cal. 2013) ...........................................................16

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)..........................................................................................15

*Destfino v. Kennedy*,
   No. CV-F-08-1269 LJO DLB, 2009 U.S. Dist. LEXIS 18138 (N.D. Cal. Jan. 8,
   2009) ......................................................................................7, 16, 17, 18

*Erone Corp. v. Skouras Theatres Corp.*,
   19 F.R.D. 299 (S.D.N.Y. 1956) ........................................................................18

ii.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**GOOGLE INC.'S MOTION TO DISMISS FIRST AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)**

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE(S)

*In re Facebook Internet Tracking Litig.*,
  140 F. Supp. 3d 922 (N.D. Cal. 2015) ........................................................................8, 9, 10, 13

*Fikes v. City of Daphne*,
  79 F.3d 1079 (11th Cir. 1996)..................................................................................................18

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000).....................................................................................................................6

*Garcia v. Google*,
  786 F.3d 733 (9th Cir. 2015)......................................................................................................16

*Gest v. Bradbury*,
  443 F.3d 1177 (9th Cir. 2006)..............................................................................................3, 14

*In re Google Android Consumer Privacy Litig.*,
  No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ...................................9

*In re Google Inc. Gmail Litig.*,
  No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013)..........................11, 13

*In re Google Inc. Gmail Litig.*,
  No. 13-MD-02430-LHK, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014) ...................................4

*In re Google Inc. Privacy Policy Litig.*,
  No. C-12-01382-PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) ..........................................8

*In re Google Privacy Policy Litig.*,
  No. C 12-01382 PSF, 2012 U.S. Dist. LEXIS 183041 (N.D. Cal. Dec. 28,
  2012) ........................................................................................................................................14

*Gubala v. Time Warner Cable, Inc.*,
  No. 15-cv-1078-pp, 2016 U.S. Dist. LEXIS 79820 (E.D. Wis. June 17, 2016) ......................12

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) .....................................................................................9

*In re iPhone Application Litig.*,
  No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20. 2011)...................................9

*In re JetBlue Airways Corp. Privacy Litig.*,
  379 F. Supp. 2d 299 (E.D.N.Y. 2005) .....................................................................................14

*LaCourt v. Specific Media, Inc.*,
  No. SACV 10-1256-GW, 2011 U.S. Dist. LEXIS 50543 (C.D. Cal. Apr. 28,
  2011) ........................................................................................................................................14

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

**GOOGLE INC.'S MOTION TO DISMISS FIRST AMEND
COMPL; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)**

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*Low v. LinkedIn*,
  No. 11-CV-01468-LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) .........................2, 8, 13

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..........................................................................................................6

*McHenry v. Renne*,
  84 F. 3d 1172 (9th Cir. 1996).............................................................................................7

*Murray v. Time Inc.*,
  No. C 12-00431 JSW, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012) ....................................14

*Pirozzi v. Apple, Inc.*,
  913 F. Supp. 2d 840 (N.D. Cal. 2012) ...................................................................................14

*The Presbyterian Church (U.S.A.) v. United States*,
  870 F.2d 518 (9th Cir. 1989)...............................................................................................14

*Solis v. W. Valley Det. Ctr.*,
  No. EDCV 15-1005-PSG (JEM), 2015 U.S. Dist. LEXIS 15771 (C.D. Cal.
  Aug. 31, 2015) ...................................................................................................................18

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ........................................................................................... *passim*

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
  782 F. Supp. 2d 1059 (E.D. Cal. 2011) ...................................................................................6

*Sternberg v. Town of Danville*,
  No. 15-CV-01878-SI, 2015 WL 9024340 (N.D. Cal. Dec. 16, 2015) ....................................15

*Vermont Agency of Nat. Resources v. U.S. ex. rel. Stevens*,
  529 U.S. 765 (2000)..........................................................................................................10

*Whitsitt v. Indus. Emplr. Ass'n*,
  No. 13-00396 SBA, 2014 U.S. Dist. LEXIS 100063 (N.D. Cal. July 22, 2014) .....................18

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (2014)...........................................................................................2, 11, 12

**Statutes**

Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* .................................. *passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv.

**GOOGLE INC.'S MOTION TO DISMISS FIRST AMEND
COMPL; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)**

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

**Other Authorities**

2-12 Moore's Federal Practice – Civil § 12.36 ..............................................................................18

FED. R. CIV. P.
   8 ........................................................................................................... passim
   10 ......................................................................................................... passim
   12 ......................................................................................................... passim
   41 ................................................................................................................4

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v.

**GOOGLE INC.'S MOTION TO DISMISS FIRST AMEND
COMPL; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)**

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on October 27, 2016, at 1:30 p.m., defendant Google Inc. ("Google") will and hereby does move to dismiss Plaintiffs' First Amended Complaint (Dkt. 19) (the "FAC"). Google's Motion to Dismiss is made pursuant to Rules 8, 10, 12(b)(1), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and other pleadings in support of the Motion, and all pleadings on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiffs have Article III standing to pursue their claims under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510, *et seq.*, where Plaintiffs have failed to allege a concrete and particularized injury-in-fact.

2.      Whether Plaintiffs have Article III standing to pursue their claims under ECPA for injunctive relief, where Plaintiffs have failed to plead that there is an imminent and ongoing risk of further ECPA violations.

3.      Whether Plaintiffs satisfied the pleading requirements of Federal Rules of Civil Procedure 8, 10, and 12(e) for their individual claims where they lump together 706 individuals' claims into a single cause of action that incorporates 54 paragraphs and 121 pages of generalized allegations by reference for all Plaintiffs, whether or not those allegations have any relevance or application to each individual Plaintiff.

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.      INTRODUCTION.

This is one of two cases purporting to state claims on behalf of hundreds of individual Plaintiffs arising out of the automated processing of emails in Google's GAFE service that the Court previously considered over two years ago in *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK (N.D. Cal.) ("*Gmail MDL*"). Since that time, the Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ("*Spokeo*") eliminated the only viable basis that Plaintiffs had for Article III standing and the FAC should accordingly be dismissed. *Spokeo* conclusively holds that "Article III

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
1.
**GOOGLE INC.'S MOTION TO DISMISS FIRST AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)**

1    standing requires a concrete injury *even in the context of a statutory violation*." *Id*. at 1543 (italics

2    added).  Plaintiffs therefore may not rely solely on the purported statutory violation as the basis for

3    Article III standing.  The critical question for standing purposes is, instead, whether the alleged

4    wrongful conduct—the automated processing of emails with no independent resulting harm—

5    implicates "a legally protected interest that is concrete and particularized" *independently* of the

6    alleged statutory violations.  *Id*. (internal quotation marks omitted).  Plaintiffs plead two potential

7    harms, each of which is insufficient under *Spokeo*.

8        First, Plaintiffs allege in vague terms that their information has economic value, but this

9    Court and numerous others have already found that such allegations are "too abstract and

10    hypothetical to support Article III standing."  *Low v. LinkedIn*, No. 11-CV-01468-LHK, 2011 WL

11    5509848, at *4 (N.D. Cal. Nov. 11, 2011).  Indeed, Plaintiffs' allegations of purported economic

12    injury are nearly identical to those in *Low* and other cases where plaintiffs' claims were dismissed

13    for failure to allege Article III standing.

14        Second, merely alleging a violation of a plaintiff's privacy is not a "concrete and

15    particularized" injury under *Spokeo*.  This Court addressed an equivalent issue in *In re Yahoo Mail*

16    *Litigation*, in the specific context of claims involving the automated processing of emails by an ECS

17    provider.[1]  7 F. Supp. 3d 1016 (2014).  After surveying California and federal law, the Court found

18    that "the mere fact" of Yahoo's automated processing of email to serve targeted ads did not

19    implicate a "legally protected privacy interest," where the plaintiff failed to plead "*with specificity*"

20    the contents of the emails at issue.  *Id*. at 1040 (italics in original).  That ruling fully applies here.

21    Google protects the privacy of emails in numerous ways[2], and Plaintiff cannot show that Google

22    violated any "legally protected privacy interest" simply because automated processing is applied in

23

---

24    [1]  "ECS" refers to an electronic communications service, defined in the ECPA as "any service which
provides to users thereof the ability to send or receive wire or electronic communications."

25    18 U.S.C. § 2510(15).

26    [2]  Google's Terms of Service and Privacy Policy specify how Google protects the privacy of user
information, including emails.  Further, Google applies numerous technological measures to

27    safeguard privacy and ensure security.  For example, Google's systems ensure that messages
exchanged between Gmail users are encrypted via TLS, and notify Gmail users if messages from

28    non-Gmail users are from unencrypted or unauthenticated sources.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
     2.
GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

GAFE to enable various features and benefits for GAFE users.  This precludes any finding of Article III standing, which likewise depends on adequate allegations of a "legally protected interest," as confirmed in *Spokeo*.  136 S. Ct. at 1548.  The FAC should accordingly be dismissed with prejudice for lack of standing.

Plaintiffs lack standing to pursue their claims for injunctive and declaratory relief for the additional reason that they cannot show any risk of *ongoing* ECPA violations.  *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (plaintiffs seeking declaratory and injunctive relief "must demonstrate that they are realistically threatened by a repetition of the violation" at issue and past violations are insufficient) (quotation marks omitted).  Plaintiffs' claims involve a self-defined "Relevant Period" ending in April 2014, with no specific allegations of ongoing violations after that date.  (FAC ¶ 12.)  Under those circumstances, their speculative assertion that Google may violate ECPA at some undetermined point in the future is precisely the type of "conjectural" and "hypothetical" threat that is insufficient for Article III standing.  *See City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983).

Finally, Plaintiffs' omnibus FAC lumping together the claims of 706 individual Plaintiffs is improper and violates Rules 8, 10, and 12(e) of the Federal Rules of Civil Procedure.  The FAC should therefore be dismissed in its entirety for the alternative reason that it is impossible for Google to reasonably respond to the 706 individual claims asserted in the FAC.

## II.   STATEMENT OF FACTS.

### A.   GAFE and Gmail.

As this Court is aware, GAFE is a suite of Google products that includes Gmail, Google's web-based email service.  (FAC ¶ 10.)  Through GAFE, Google partners with colleges, universities, and other educational institutions to provide email services for their students, faculty, and staff, using the Gmail infrastructure.  (*Id.*)  Like most email providers, Google applies automated systems to process emails for various purposes, including filtering out spam, detecting computer viruses, and providing features that allow users to search and sort their emails, among other functions.  Plaintiffs

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-cv-00473-LHK (HRL)

1  concede that their individual GAFE email accounts were with institutions that did *not* enable ads and,

2  therefore, Plaintiffs were not shown ads in their GAFE email account.[3] (*See id.* ¶ 22.)

3  **B.     Plaintiffs' FAC.**

4  Plaintiffs are 706 individuals who allege that they used GAFE Gmail to send and receive

5  emails for particular periods of time between November 1, 2010 and April 30, 2014.  Plaintiffs claim

6  that Google violated ECPA, 18 U.S.C. §§ 2511(1)(a) and (1)(d), by unlawfully "intercepting" their

7  email communications without consent.  (*Id.* ¶¶ 52-53.)  Plaintiffs' FAC includes a single sentence

8  for each of the 706 Plaintiffs, alleging only the individual Plaintiff's state of residence, the institution

9  that provided the Plaintiff with his or her GAFE Gmail account, and the time period during which

10 that individual used the GAFE Gmail account.  (*See id.* ¶ 17.)  All other allegations are pled on a

11 common basis and the FAC asserts a single claim for an ECPA violation on behalf of all Plaintiffs.

12 Plaintiffs seek statutory damages under ECPA, a declaration that Google violated ECPA, attorneys'

13 fees and costs, and injunctive relief in the form of an order requiring Google to "purge from its . . .

14 records, all information gathered from Plaintiffs' messages . . . ."  (*Id.* ¶ 2.)

15 Plaintiffs' allegations are nearly identical to those pled in *Fread et al. v. Google Inc.*, No. 13-

16 cv-1961 (N.D. Cal.) ("*Fread*"), a putative class action filed on behalf of GAFE users on April 29,

17 2013, which was ultimately consolidated with *Gmail MDL*.  On March 18, 2014, this Court denied

18 class certification in *Gmail MDL*, holding, *inter alia*, that individualized issues of whether GAFE

19 users consented to Google's scanning predominated over common issues.  *Gmail MDL*, No. 13-MD-

20 02430-LHK, 2014 WL 1102660, at *21 (N.D. Cal. Mar. 18, 2014).

21 **C.     Procedural History.**

22 On January 27, 2016, Plaintiffs Corley, Dormann, Mehaffey, and Xiao[4] filed the instant

23

---

24 [3] In regular Gmail, by contrast, Google's automated processes are also sometimes used to display
   ads that are targeted to the content of emails, so that the ads shown will be more relevant and useful
25 to Gmail users.  The revenue from these advertisements in turn helps Google to provide the Gmail
   service for free.
26 [4]  Plaintiffs Teddey Xiao, Acshi Haggenmiller, Rebecca Hassinger, Patrick Rooney, and Myles
27 Scolnick filed notices of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a),
   dismissing all of their claims, without prejudice, on February 8, May 23, June 15, June 27, and
28 July 1, 2016, respectively.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

GOOGLE'S MOTION TO DISMISS FIRST AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

1    action alleging individual claims for violations of ECPA based on Google's alleged automated

2    processing in connection with Plaintiffs' GAFE email accounts.  (Dkt. 1.)  On March 16, 2016,

3    Plaintiffs amended their complaint, purporting to add individual claims for 707 additional Plaintiffs.

4    (Dkt. 19.)  Due to the similarity of their allegations, this case was related to the *Gmail MDL*.  (Dkt.

5    14.)

6            On April 20, 2016, this Court held a first case management conference ("CMC").  During the

7    CMC, the Court asked Plaintiffs' counsel to explain why the purported joinder of over 700

8    individual Plaintiffs' claims in one action was proper.  The Court was particularly concerned that

9    Plaintiffs were seeking to circumvent her denial of class certification in the *Gmail MDL* case and to

10   avoid paying the filing fees that every other plaintiff must pay when bringing suit.  (Declaration of

11   Kyle C. Wong in Support of Google's Motion to Dismiss ("Wong Decl.") Ex. A at 4:8-9; 46:14-25.)

12   Further, the Court noted that the action would be difficult to manage, particularly because the

13   complaint failed to provide a clear roadmap of the Plaintiffs' allegations.  (*See id.* at 34:7-14 (The

14   Court: "With you [r complaint], I have no idea.  If you told me, look at Plaintiff number 552, I have

15   no idea who that is.  I have no factual allegations as to that Plaintiff.").)  The Court also voiced

16   strong concerns about Plaintiffs' counsel's plan to add well over a hundred more plaintiffs.  (*Id.* at

17   46:8-21.)  Accordingly, the Court directed the parties to submit briefing regarding the propriety of

18   joinder.  (*Id.* at 47:7-9.)

19          On April 28, 2016, the Court held a second CMC to consider how to proceed in light of the

20   parties' briefing regarding joinder.  (Dkt. 78.)  During this CMC, the Court declined to rule on the

21   joinder issue but invited Google to bring a motion regarding the propriety of permissive joinder of

22   the 710 Plaintiffs.  (Wong Decl. Ex. B at 2:19-3:5.)  The Court also barred Plaintiffs' counsel from

23   amending the complaint to add more individual plaintiffs and directed counsel to file an individual

24   suit and pay the necessary filing fee.  (*Id.*)  Plaintiffs' counsel informed the Court that he was not

25   prepared to file individual lawsuits for the proposed additional plaintiffs, and would instead file a

26   single mass action in state court.[5]  (*Id.* at 4:7-14.)

27

28

---

[5]  Plaintiffs' counsel subsequently filed a lawsuit on April 29, 2016 in Santa Clara County Superior
Court on behalf of Plaintiff Keith Amaral and 174 others.  *Keith Amaral, et al. v. Google Inc., et al.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

1    On May 18, 2016, Google filed a Motion to Sever and Dismiss Plaintiffs' claims on the basis

2    of misjoinder.  (Dkt. 96.)  Hearing on Google's Motion to Sever and Dismiss is set for August 18,

3    2016.

4    **III.   APPLICABLE STANDARDS.**

5    **Rule 12(b)(1).**  A litigant seeking to proceed in federal court must have suffered an injury-in-

6    fact under Article III.  To establish such injury, a plaintiff must allege: (1) injury-in-fact that is

7    concrete and particularized, as well as actual and imminent; (2) the injury is fairly traceable to the

8    challenged action of the defendant; and (3) it is likely (not merely speculative) that injury will be

9    redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*

10   528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561–62 (1992); *see also*

11   *Spokeo*, 136 S. Ct. at 1549 (explaining the difference between the "concrete" and "particularized"

12   inquiries).  Absent allegations sufficient to show Article III standing, a complaint should be

13   dismissed under Rule 12(b)(1).  *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1075 (N.D. Cal.

14   2013).

15   **Rule 12(b)(6).**  This Motion is also governed by Rule 12(b)(6) as interpreted in *Bell Atl.*

16   *Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Under these

17   standards, the Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted

18   inferences and sweeping legal conclusions cast in the form of factual allegations."  *Stanislaus Food*

19   *Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1064 (E.D. Cal. 2011); *see also Caviness*

20   *v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

21   **Pleading requirements under Rules 8, 10, and 12.**  A complaint must contain a "short and

22   plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation

23   must be simple, concise, and direct."  FED. R. CIV. P. 8(a), (d)(1).  "To comply with Rule 8 *each*

24   *plaintiff* must plead a short and plain statement of the elements of *his or her* claim, identifying *the*

25   *transaction or occurrence* giving rise to the claim and the elements of the prima facie case . . . ."

26

27   Case No. 16-CV-294544 (Sup. Ct. April 29, 2016).  Google removed the case to federal court.  *Keith Amaral, et al. v. Google Inc. et al.*, Case No. 5:16-cv-02553 (N.D. Cal.) ("*Amaral*") (*Amaral* Dkt. 1). The case was then related to the *Gmail MDL* (and, accordingly, this case) for further proceedings

28   before this Court.  (*Amaral* Dkt. 15.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

*Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (emphasis added).  Failure to comply with Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)."  *McHenry v. Renne*, 84 F. 3d 1172, 1179 (9th Cir. 1996) (affirming dismissal under Rule 8, recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

Further, under Rule 10, the complaint must "state [the pleader's] claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and each claim "founded on a separate transaction or occurrence . . . must be stated in a separate count" if doing so would promote clarity.  FED. R. CIV. P. 10(b); *Bautista*, 216 F.3d at 840.  Dismissal of a complaint for failure to comply with Rules 8 and 10(b) is within the district court's inherent power and discretion.  *Bautista*, 216 F.3d at 841.

Finally, an answering party may move for a more definite statement under Rule 12(e) when a complaint violates these rules of pleading and is "so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e); *Bautista*, 216 F.3d at 843 n.1; *see also Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 U.S. Dist. LEXIS 18138, at *14 (N.D. Cal. Jan. 8, 2009) (noting that "[i]n attacking such pleading, defendant has an *obligation* to move for a more definitive statement") (emphasis added).

## IV.   ARGUMENT.

### A.   Plaintiffs Have No Standing To Bring ECPA Claims Because They Fail To Allege A Concrete And Particularized Injury-In-Fact.

Under Article III, Plaintiffs must plead an injury that is both "concrete" and "particularized." "[F]or an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548.  To be "concrete," an injury must be "'de facto'; that is, it must actually exist."  *Id.* at 1549.  In *Spokeo*, the Supreme Court clarified the "concrete and particularized" standard, holding that "Article III standing requires a concrete injury *even in the context of a statutory violation*."  *Id.* at 1549 (italics added).  Thus, the fact that a complaint alleges a violation of a statute with a private right of action—such as ECPA—does not, in itself, demonstrate standing: "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-cv-00473-LHK (HRL)

1  automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory

2  right and purports to authorize that person to sue to vindicate that right." *Id*.

3      Instead, a court must assess the individualized circumstances of a claim to determine if a

4  plaintiff has suffered a concrete injury.  For example, the Supreme Court emphasized in *Spokeo* that

5  a credit report that violates the Fair Credit Reporting Act ("FCRA") requirements "may result in no

6  harm" because it could still be "entirely accurate."  *Id*. at 1550.  Even where a FCRA violation leads

7  to the dissemination of false information, the Supreme Court cautioned that "not all inaccuracies

8  cause harm or present any material risk of harm.  An example that comes readily to mind is an

9  incorrect zip code.  It is difficult to imagine how the dissemination of an incorrect zip code, without

10  more, could work any concrete harm."  *Id*.  This analysis makes clear that blanket assertions of harm

11  will not suffice; instead, standing depends on whether a concrete injury exists given the specific

12  circumstances and consequences of each alleged violation.

13      Plaintiffs allege two forms of harm:  "loss of the value of [their] information, and the value of

14  [their] privacy."[6]  (FAC ¶ 54.)   Neither of these purported harms is sufficiently "concrete" and

15  "particularized" for Article III standing.

16          1.      **The alleged "loss of value" of Plaintiffs' information is neither**
                    **particularized nor concrete.**

17

18      Numerous courts, including this one, "have found insufficient for standing purposes

19  generalized assertions of economic harm based solely on the alleged value of personal information."

20  *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930 (N.D. Cal. 2015) ("*Facebook*").

21  For example, in *Low v. LinkedIn*, No. 11-CV-01468-LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11,

22  2011), the plaintiff alleged that he was economically harmed by LinkedIn's transfer of his personal

23  _____

24  [6]  The Court should disregard any attempt by Plaintiffs to argue that, as third-party beneficiaries, they suffered injury-in-fact from Google's breach of its contracts with the educational institutions at issue.  (*See* FAC ¶¶ 24, 40.)  Even setting aside the fact that Plaintiffs fail to allege the terms of any

25  such contract, breach of contract alone, without some other accompanying injury, is insufficient for Article III standing.   *In re Google Inc. Privacy Policy Litig.*, No. C-12-01382-PSG, 2013 WL

26  6248499, at *6 (N.D. Cal. Dec. 3, 2013) ("*Google Privacy Policy*").  Similarly, the Court should disregard Plaintiffs' allegation that it was harmed by Google "violating Plaintiffs' rights under

27  various consumer protection statutes" (FAC ¶ 40), as Plaintiffs fail to even identify these "consumer

28  protection statutes."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO
8.
GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-cv-00473-LHK (HRL)

1    data to third party aggregators because that information had independent economic value.  This

2    Court found these allegations "too abstract and hypothetical to support Article III standing" because

3    plaintiff failed to allege "how *he* was foreclosed from capitalizing on the value of *his* personal data

4    or how he was 'deprived of the economic value of [his] personal information simply because [his]

5    unspecified personal information was purportedly collected by a third party.'"  *Id.* at \*4-5 (internal

6    citations omitted, emphasis added); *In re Google Android Consumer Privacy Litig.*, No. 11-MD-

7    02264 JSW, 2013 WL 1283236, at \*4 (N.D. Cal. Mar. 26, 2013) (finding plaintiffs failed to allege

8    facts sufficient to show injury based on the purported diminution in value of their personal

9    information because they failed to allege "they attempted to sell their personal information, that they

10    would do so in the future, or that they were foreclosed from entering into a value for value

11    transaction relating to their PII, as a result of the Google Defendants' conduct.").

12          Similarly, here, while Plaintiffs allege that their "emails were and are valuable intangible

13    property," and that "[m]arkets exist for the sale or purchase of this information" (FAC ¶ 37),

14    Plaintiffs fail to plead that *they* were deprived of the economic value of this information or otherwise

15    harmed in any way as a result of Google's automated processing.  Like in *Low* and the other cited

16    cases, these generalized allegations are insufficient to state the *particularized* injury needed for

17    Article III standing.  *See*, *e.g.*, *Low*, 2011 WL 5509848, at \*4-5.

18          Nor do Plaintiffs' allegations satisfy *Spokeo*'s requirement of a *concrete* harm that is

19    "actual[]" and "de facto."  In similar circumstances, this Court held in *In re iPhone Application*

20    *Litigation*, No. 11-MD-02250-LHK, 2011 WL 4403963, at \*5 (N.D. Cal. Sept. 20. 2011) ("*In re*

21    *iPhone*") that "general allegations about the [Defendants], the market for apps, and similar abstract

22    concepts (*e.g.*, lost opportunity costs, value-for-value exchanges)" do not constitute an "actual"

23    injury sufficient for standing.[7]  *See also Facebook*, 140 F. Supp. 3d at 931 ("accept[ing] as true

24

25      [7]  In subsequent rulings in the case, this Court permitted certain claims to proceed after the plaintiffs
pursued a theory of statutory standing, predicated on alleged violations of ECPA and the Stored

26    Communications Act, 18 U.S.C. §§ 2701, *et seq.*, and also amended the complaint to add certain
allegations of harm.  *In re iPhone*, 844 F. Supp. 2d 1040, 1054-55 (N.D. Cal. 2012).  Under *Spokeo*,

27    this theory of statutory standing is no longer viable, as discussed above.  Moreover, Plaintiffs' FAC
here contains no allegations similar to the amendments that this Court deemed sufficient to confer

28    standing in *In re iPhone*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

Plaintiffs' ascription of some degree of intrinsic value to their personal information" but finding plaintiffs lacked standing because they "failed to . . . adequately connect this value to a realistic economic harm or loss that is attributable to Facebook's alleged conduct.").

As in *In re iPhone*, Plaintiffs here allege only "abstract concepts" of purported injury that are anything but concrete:  that "[m]arkets exist," that "data brokers have been buying and selling this type of information," and that "[d]ata marketplaces have . . . arisen."  (FAC ¶ 37.)  Beyond these vague references, Plaintiffs make no attempt to explain how these alleged circumstances could have caused a "realistic economic harm or loss that is attributable to [Google's] alleged conduct."  *See Facebook*, 140 F. Supp. 3d at 931.  The FAC thus fails to allege any actual injury that could be deemed concrete.

### 2. The alleged loss of the "value" of Plaintiffs' "privacy" also fails to support any cognizable injury.

Plaintiffs' generalized allegations that they were deprived of the "value of [their] privacy," (FAC ¶ 58), also fails to meet the requirement of an injury-in-fact under Article III.

***First***, under the analysis set forth in *Spokeo*, this alleged harm bears no "relationship" to any "harm that has traditionally been regarded as providing a basis for a lawsuit."  *Spokeo*, 136 S. Ct. at 1549.  In *Spokeo*, the Supreme Court advised courts to look to "historical practice" to examine whether an alleged harm "has traditionally been regarded as providing a basis for a lawsuit in English or American courts," (*id.*) citing *Vermont Agency of Nat. Resources v. U.S. ex. rel. Stevens*, 529 U.S. 765 (2000) as an example of the appropriate analysis.  In *Vermont Agency*, the Court conducted a historical review of qui tam actions from the 13th Century to the framing of the Constitution in order to determine whether a qui tam relator had Article III standing.  Plaintiffs have not alleged or shown that the harm alleged here is a harm that has been recognized since the nation's founding.

Moreover, even were Plaintiffs to make this showing, this Court has already addressed a similar issue in *Yahoo Mail*.  In that case, plaintiffs alleged that Yahoo's automated processing of email content without the consent of non-Yahoo users violated their privacy rights protected by

Cooley LLP
Attorneys At Law
San Francisco

10.

Google's Motion to Dismiss First. Amend.
Compl.; Memorandum of Points & Authorities
Case No. 5:16-cv-00473-LHK (HRL)

California's Constitution.[8]  In that case, the Court first noted that "[t]he California Constitution sets a 'high bar' for establishing an invasion of privacy claim" and "[e]ven disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy." *Yahoo Mail*, 7 F. Supp. 3d at 1038.

The Court then rejected plaintiffs' claim that "the mere fact that Yahoo intercepted and distributed their emails, regardless of the specific content in the emails…" gave rise to or implicated a "legally protected privacy interest and reasonable expectation of privacy in email *generally*…." *Id*. at 1040 (italics in original).  The Court explained:

> Plaintiffs do not cite, nor has this Court found, any case in the California or federal courts holding that individuals have a legally protected privacy interest or reasonable expectation of privacy in emails generally.  Rather, the cases in which courts have found a protected privacy interest in the context of email communications have done so in circumstances where the plaintiff alleged *with specificity* the material in the content of the email.

*Id*. (italics in original).  Thus, the Court held that to demonstrate a "legally protectable privacy interest," a plaintiff must demonstrate "that the email intercepted includes content that qualifies under California law as 'confidential' or 'sensitive.'" *Id*. at 1041.  Because plaintiffs failed to allege such facts, the Court found that their claim failed as a matter of law.  *Id*.; *see also Gmail MDL*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *23 (N.D. Cal. Sept. 26, 2013) (holding plaintiffs failed to allege an objectively reasonable expectation that the emails at issue were "confidential" as required under section 632 of CIPA because "email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications.").

Like the plaintiffs in *Yahoo Mail*, Plaintiffs here claim that *any* processing of *any* email without prior consent results in an injury, regardless of the content, context, or consequences.[9]  As in *Yahoo Mail*, Plaintiffs make no effort to identify the contents of any of the emails on which their

---

[8]  An invasion of privacy claim under the California Constitution requires: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Yahoo Mail*, 7 F. Supp. 3d at 1037.

[9]  Plaintiffs' theory of Article III injury would thus include the automated processing of commercial emails, emails sent to large distribution lists and intended for recirculation, and even spam emails sent by non-Gmail users.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

GOOGLE'S MOTION TO DISMISS FIRST AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

1   claims are based.  Like *Yahoo Mail*, the "mere fact" that Plaintiffs claim they did not consent to the

2   automated processing of their emails does not demonstrate a "legally protected privacy interest."

3   *See also Gubala v. Time Warner Cable, Inc.*, No. 15-cv-1078-pp, 2016 U.S. Dist. LEXIS 79820, at

4   *13-14 (E.D. Wis. June 17, 2016) (dismissing CCPA claim for lack of standing where plaintiff

5   alleged that his personal information had been retained but failed to allege any concrete harm as a

6   result).

7          While the *Yahoo Mail* decision involved a motion to dismiss (not a direct challenge to Article

8   III standing) the Court's ruling ties directly to the Article III requirement of a "*legally protected*

9   *interest*" that is both "concrete and particularized."   *Spokeo*, 136 S. Ct. at 1548 (italics added).

10   Moreover, this Court's requirement that a plaintiff plead "*with specificity* the material in the content

11   of the email" at issue, *Yahoo Mail*, 7 F. Supp. 3d at 1040 (italic in original), is confirmed by *Spokeo*.

12   As discussed above, the Supreme Court emphasized that not all violations of FCRA can support

13   Article III standing because the dissemination of certain information (even if false) may not cause

14   harm depending on the nature of the information at issue.   *Spokeo*, 136 S. Ct. at 1550.  This same

15   individualized analysis of injury must be applied here.  Just as the dissemination of false information

16   cannot be presumed to support an Article III injury in every case, the automated processing of emails

17   also cannot be deemed to violate a "legally protected privacy interest" in every case—as this Court

18   found in *Yahoo Mail*.

19          Under these circumstances, the generalized assertion that Plaintiffs were deprived of the

20   "value" of their "privacy" should be rejected because it bears no "relationship" to any "harm that has

21   traditionally been regarded as providing a basis for a lawsuit . . . ."  *Spokeo*, 136 S. Ct. at 1549.  To

22   the contrary, this Court has found that traditional notions of privacy do *not* categorically bar all

23   automated processing of emails.

24          ***Second***, there is nothing to indicate that in "the judgment of Congress," an ECS provider's

25   automated processing of emails amounts to a concrete injury in every instance.  *Spokeo*, 136 S. Ct. at

26   1549.  In *Spokeo*, the Court acknowledged that Congress enacted FCRA because of a perceived need

27   to "curb the dissemination of false information," yet this does not mean that all violations (even

28   those that actually result in the dissemination of false credit information) can be deemed a concrete

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

injury for purposes of Article III.  *Id.* at 1550.  Similarly here, the fact that Congress enacted ECPA to address wiretapping of electronic communications does not mean that all alleged "interceptions" can be deemed a concrete injury conferring standing.  To the contrary, Congress acknowledged that ECS providers must necessarily receive and process the communications they transmit in order to provide their services.   For example, Congress recognized that "provider[s] of electronic communications services may have to monitor a stream of transmissions in order to properly route, terminate, and otherwise manage the individual messages they contain," and that such monitoring "may be necessary to the provision of an electronic communication service" and "are not prohibited."  (Exhibit BB to Decl. of Kyle Wong in Support of Motion to Dismiss at 20, *Gmail MDL*, Dkt. 45-2; *Gmail MDL*, 2013 WL 5423918, at *7.)   With respect to email in particular, Congress noted that "the providers of electronic mail create electronic copies of private correspondence for later reference," and that "[t]his information is processed for the benefit of the user."  (Exhibit BB at 3, *Gmail MDL*, Dkt. 45-2 (emphasis added).)   This legislative history rebuts any notion that Congress deemed all automated processing of all communications by ECS providers to constitute a concrete injury.

**Third**, in applying *Spokeo*, it is also instructive to look at prior cases that evaluated Article III standing *without* relying on a statutory violation to support an injury-in-fact.   While these cases predate *Spokeo*, they are consistent with the standard the Supreme Court has now clarified, which requires courts to look beyond an alleged statutory violation to determine if there is a concrete injury sufficient to support standing.   These cases consistently demonstrate that generalized assertions of privacy-related harms, even when couched in terms of economic injuries, do not support Article III standing.   In addition to the *In re iPhone* and *Low* cases discussed above, numerous other courts have reached the same conclusion in the context of privacy-related claims based on alleged improper access or use of online information.   *See, e.g.*, *Facebook*, 140 F. Supp. 3d at 930 (plaintiffs alleging that social network tracked users' personal information and internet activity failed to plead "cognizable injury in fact"); *Burton v. Time Warner Cable Inc.*, No. CV 12-06764 JGB (AJWx), 2013 U.S. Dist. LEXIS 94310, at *28-30 (C.D. Cal. Mar. 20, 2013) (plaintiff alleging cable provider improperly retained personally identifiable information failed to plead injury sufficient for Article III

Cooley LLP
Attorneys At Law
San Francisco

13.

Google's Motion to Dismiss First. Amend.
Compl.; Memorandum of Points & Authorities
Case No. 5:16-cv-00473-LHK (HRL)

standing); *Google Privacy Policy*, No. C-12-01382 PSG, 2012 U.S. Dist. LEXIS 183041, at *14-15 (N.D. Cal. Dec. 28, 2012) (plaintiffs alleging Google improperly combined users' information collected from different products in alleged violation of its own privacy policy failed to plead "coherent and factually supported theory of . . . injury" sufficient for Article III standing); *Pirozzi v. Apple, Inc.*, 913 F. Supp. 2d 840, 847 (N.D. Cal. 2012) (plaintiffs alleging mobile device manufacturer disclosed users' personally identifiable information failed to plead concrete injury sufficient for Article III standing); *Murray v. Time Inc.,* No. C 12-00431 JSW, 2012 WL 3634387, at *4 (N.D. Cal. Aug. 24, 2012) (plaintiff alleging that magazine disclosed personal information in violation of California's "Shine the Light" Act failed to plead facts sufficient for Article III standing); *LaCourt v. Specific Media, Inc.*, No. SACV 10-1256-GW (JCGx), 2011 U.S. Dist. LEXIS 50543, at *12 (C.D. Cal. Apr. 28, 2011) (plaintiffs alleging that ad network used flash cookies to circumvent Internet users' privacy controls and track their Internet usage failed to plead facts sufficient for Article III standing); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) (plaintiffs alleging airline improperly transferred customers' personal information to third-party data mining company failed to allege facts sufficient to show injury for breach of contract claim).

This consistent line of authority confirms that, when the crutch of statutory standing is removed, generalized assertions of privacy-related injuries alone cannot support the concrete injury needed under Article III.  The Court should similarly find that the "general allegations" in the FAC here, predicated on "abstract concepts" of privacy, are insufficient.  *In re iPhone*, 2011 WL 4403963, at *5.

**B.    Plaintiffs Have No Standing To Seek Injunctive And Declaratory Relief Because Plaintiffs Concede That Google's Alleged Scanning Ended On April 30, 2014.**

Where plaintiffs assert a claim for "declaratory and injunctive relief," they "must demonstrate that they are realistically threatened by a *repetition* of the violation" at issue, in order to satisfy the requirement of Article III standing.  *Gest*, 443 F.3d at 1181 (citation and quotation omitted, emphasis in text).  The alleged threat cannot be "conjectural" or "hypothetical," *Lyons*, 461 U.S. at 101-02, but must be a "credible threat of future injury," *The Presbyterian Church (U.S.A.) v.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

1  *United States*, 870 F.2d 518, 528-29 (9th Cir. 1989).  "[P]ast wrongs do not in themselves amount to

2  that real and immediate threat of injury necessary to make out a case or controversy."  *Lyons*, 461

3  U.S. at 103.  At the pleading stage, "[t]he facts to show [Article III] standing must be clearly

4  apparent on the face of the complaint."  *Baker v. United States*, 722 F.2d 517, 518 (9th Cir.

5  1983).  Further, "a plaintiff must demonstrate standing for *each claim* he seeks to

6  press."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (emphasis added).

7       Given these threshold requirements, Plaintiffs must allege facts to show they face a risk of

8  *ongoing* ECPA violations in order to pursue injunctive and declaratory relief under ECPA.  They

9  have not done so.  Plaintiffs allege two violations of ECPA—(1) a violation of Section 2511(1)(a),

10  prohibiting the interception of "any wire, oral, or electronic communication," and (2) a violation of

11  Section 2511(1)(d), prohibiting the use of "contents of any wire, oral, or electronic communication,"

12  when such contents were acquired in violation of Section 2511(1)(a).  (FAC ¶¶ 52-53.)

13       With respect to the first alleged violation—the interception of Plaintiffs' emails—Plaintiffs'

14  concede that they face no risk of ongoing ECPA violations because they have pled that Google

15  ceased automated processing of GAFE email accounts as of April 30, 2014.  (*Id.* ¶ 12.)  While

16  Plaintiffs do not expressly admit that Google has ceased the alleged offending conduct, the FAC

17  contains no allegations that Google continues to apply the automated processing that Plaintiffs claim

18  to be an alleged interception under ECPA.  Indeed, all 706 Plaintiffs are alleged to have "*had a*

19  *GAFE account*" in the past, many of them are alleged to have stopped using their GAFE accounts

20  years ago, and no Plaintiff alleges that they still have access to these accounts or that their data still

21  exists on Google's systems.  (*Id.* ¶ 17 (emphasis added); *see also, e.g., id.* ¶ 17(4).)

22       With respect to the second alleged violation—the use of the "contents" of any email obtained

23  by an illegal interception—Plaintiffs allege only that they "are *informed and believe* that Google has

24  retained and uses or intends to use all data created or otherwise obtained from its interception of

25  emails . . . ."  (*Id.* ¶ 36 (emphasis added).)  Plaintiffs' "information and belief" pleading is precisely

26  the type of "conjectural" and "hypothetical" threat insufficient for standing to seek injunctive relief.

27  *See, e.g.*, *Sternberg v. Town of Danville*, No. 15-CV-01878-SI, 2015 WL 9024340, at *9 (N.D. Cal.

28  Dec. 16, 2015) (holding that plaintiffs failed to allege facts demonstrating they were "realistically

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-cv-00473-LHK (HRL)

threatened" by repetition of a violation where plaintiffs alleged only that they had "reason to believe" that their rights would continue to be threatened). Moreover, a "threatened injury must be certainly impending to constitute injury in fact . . . ." *Id.*; *see also Lyons*, 461 U.S. at 111 (requiring a "real and immediate" threat for standing to seek injunctive relief). Plaintiffs' mere allegation that Google may someday violate the ECPA by using information it obtained through an illegal interception is not enough. *See Cuviello v. City & Cty. of S.F.*, 940 F. Supp. 2d 1071, 1080 (N.D. Cal. 2013) ("'Some day' intentions without any description of concrete plans, or indeed even any specification of *when* the some day will be, do not suffice to provide standing for injunctive relief." (citations and quotations omitted)). Because Plaintiffs have pled no "real and immediate" threat that Google will violate ECPA in the future, they do not have Article III standing for the declaratory and injunctive relief they seek.[10]

## C.    The FAC Should Be Dismissed In Its Entirety For Failure To Plead Individualized Facts For Each Plaintiff's Separate Claim.

Basic rules of pleading require that "*[e]ach plaintiff* plead the elements of his or her claims" in a "short and plain" and "simple, concise, and direct" statement demonstrating each Plaintiff's entitlement to relief under ECPA. *See Destfino*, 2009 U.S. Dist. LEXIS 18138, at *14 (emphasis added); *Bautista*, 216 F.3d at 840 (holding that where individual plaintiffs seek individual relief, "*[e]ach plaintiff's* right to relief therefore depends upon proof of the operative facts giving rise to an enforceable right in favor of *that plaintiff*") (emphasis added). But this the FAC does not do. Instead, it mimics a class action complaint, lumping together 706 individuals' claims into a single cause of action that incorporates 54 paragraphs and 121 pages of generalized allegations by reference for all Plaintiffs, whether or not those allegations have any relevance or application to each individual Plaintiff.

---

[10]   It also bears emphasizing that the Ninth Circuit has recently recognized that a "mandatory injunction" such as this, which "orders a responsible party to take action," is "particularly disfavored" and must meet stringent requirements. *Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015) (citations and quotations omitted).  Standing should thus be considered in light of these heightened standards.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-cv-00473-LHK (HRL)

1      For illustration, consider the allegations concerning one Plaintiff, David Baroody.  The FAC

2 alleges a single sentence about Plaintiff Baroody with minimal information: that he had a GAFE

3 account through Boston University and the approximate dates he used that account.  (FAC ¶ 17(39).)

4 The FAC fails to allege what school terms or disclosures from Boston University applied to Plaintiff

5 Baroody while he was using GAFE.  (*Id.*)  While the FAC references alleged disclosures by Boston

6 University regarding automated processing in GAFE, it fails to allege that Plaintiff Baroody ever saw

7 or relied upon those disclosures.  (*See id.* ¶ 23(11).)  Rather than identify such facts with respect to

8 Plaintiff Baroody—or any Plaintiff, for that matter—the FAC merely concludes that "Google did as

9 complained of herein without the consent of Plaintiffs, or any of them."  (*Id.* ¶ 45.)  Similarly, the FAC

10 makes the global statement that all 706 Plaintiffs were the "intended third party beneficiaries" of their

11 schools' respective covenants with Google.  (*Id.* ¶ 24.)  Such a claim depends on the language of each

12 school's contract with Google, which the FAC fails to include at all, let alone with respect to any

13 individual Plaintiff.

14      Accordingly, the FAC must be dismissed under Rule 8 and Rule 12(e) because Plaintiffs'

15 generalized allegations fail to articulate each Plaintiff's individual entitlement to relief.

16 Incorporation of generalized allegations, without clarifying the relevancy of the allegations to each

17 individual Plaintiff's cause of action, "violates Rule 8's requirement of a 'short and plain statement'

18 and interferes with the court's ability to administer justice."  *Destfino*, 2009 U.S. Dist. LEXIS

19 18138, at *4 (emphasis added).  Where, as here, a complaint fails to identify which factual allegation

20 is actually relevant to each Plaintiff's cause of action, it is "impossible to determine the specific facts

21 on which [each plaintiff's] individual claims depend."  *Bennett v. Cnty. of Shasta*, No. 2:15-cv-1764-

22 MCE-KJN, 2016 U.S. Dist. LEXIS 32722, at *2-3 (E.D. Cal. Mar. 14, 2016).   In such

23 circumstances, it is appropriate to dismiss the complaint for failure to comply with Rule 8.  *See*

24 *Whitsitt v. Indus. Emplr. Ass'n*, No. 13-00396 SBA, 2014 U.S. Dist. LEXIS 100063, at *26 (N.D.

25 Cal. July 22, 2014) (dismissing complaint for failure to comply with Rule 8 because defendants

26 would be unable to respond to the substance of the complaint's allegations with their own short and

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK (HRL)

1    plain statement of defenses as required by Rule 8(b)(1)).[11]  By incorporating generalized allegations,

2    regardless of relevancy to each individual Plaintiff's cause of action, the FAC "violates Rule 8's

3    requirement of a 'short and plain statement' and interfere[] with the court's ability to administer

4    justice." *Destfino*, 2009 U.S. Dist. LEXIS 18138, at *4 (emphasis added).  Dismissal of the entire

5    complaint is thus proper.

6         Similarly, dismissal under Rule 12(e) is appropriate where overly prolix or complex

7    complaints—such as the 706-Plaintiff, 122-page FAC at issue here—would otherwise require the

8    Court to undertake the "cumbersome task of sifting through myriad claims, many of which may be

9    foreclosed by various defenses." 2-12 Moore's Federal Practice – Civil § 12.36 (citing *Anderson v.*

10   *District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079,

11   1082-83 (11th Cir. 1996) (more definite statement can tighten complaint and eliminate some of

12   plaintiff's claims)).  Even if the Court does not order severance of the claims, as Google seeks in its

13   Motion to Sever, allowing Plaintiffs to proceed based on a single FAC that jumbles together 706

14   Plaintiffs' separate causes of action without identifying which factual allegations relate to each

15   Plaintiff's claim will significantly hamper the administration of this case.  As the Ninth Circuit has

16   acknowledged, "'[e]xperience teaches that, unless cases are plead clearly and precisely, issues are

17   not joined, discovery is not controlled, the trial court's docket becomes unmanageable, and the

18   litigants suffer, and society loses confidence in the court's ability to administer justice.'"  *Bautista*,

19   216 F.3 at 841 (citing *Anderson*, 77 F.3d at 367); *see also Solis v. W. Valley Det. Ctr.*, No. EDCV

20   15-1005-PSG (JEM), 2015 U.S. Dist. LEXIS 15771, at *6-8 (C.D. Cal. Aug. 31, 2015) (ordering

21   plaintiff to set forth each claim as a separate count that includes "the underlying factual allegations

22   for each claim"); *Erone Corp. v. Skouras Theatres Corp.*, 19 F.R.D. 299, 300 (S.D.N.Y. 1956)

23   (dismissing the complaint for failure to plead plaintiffs' claims separately because "there may be

24   defenses available to the defendants which are applicable to one or more plaintiffs but not to the

25   others").

---

26   [11]  If the Court grants Google's Motion to Sever and dismisses all misjoined Plaintiffs, the current
27   FAC would still be inadequate with respect to the first named Plaintiff (Corley) because it would still
     include irrelevant allegations and fail to allege which terms and disclosures Plaintiff Corley was
28   exposed to or bound by during his period of GAFE account use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18.

GOOGLE'S MOTION TO DISMISS FIRST. AMEND.
COMPL.; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-cv-00473-LHK (HRL)

1   Google will likely have different defenses depending on each Plaintiff's individual factual

2   allegations, but Google cannot address each Plaintiff's cause of action without those individual

3   allegations being clearly identified as required under Rules 8 and 10(b).

4       Further, Rule 10(b) requires "each claim founded on a separate transaction or occurrence" to

5   be stated in a separate count, which the FAC fails to do.  Fed. R. Civ. P. 10(b); *Bautista*, 216 F.3d at

6   840-41 ("Courts have required separate counts where multiple claims are asserted, where they arise

7   out of separate transactions or occurrences, and where separate statements will facilitate a clear

8   presentation" in order to "enable the defendant to frame a responsive pleading or to enable the court

9   and the other parties to understand the claims.").  The FAC raises separate transactions or occurrences

10  with respect to each Plaintiff because each of the 706 Plaintiffs is associated with a different school,

11  was potentially exposed to different terms and disclosures, and used his or her GAFE account at

12  different times.   The underlying factual allegations for each of these separate transactions or

13  occurrences must be clearly stated in separate counts under Rule 10(b).

14      Therefore, to avoid prejudice to Google and to limit confusion to the Court and all parties,

15  should any of Plaintiffs' claims survive the instant motion, the FAC should be dismissed under Rules

16  8, 10(b), and/or 12(e) and Plaintiffs should be required to clearly articulate each individual Plaintiff's

17  claim.

18  **V.    CONCLUSION.**

19      For all of the reasons above, Plaintiffs' FAC should be dismissed in its entirety.

20  Dated: July 20, 2016                              COOLEY LLP

21

22

23                                                  */s/ Whitty Somvichian*
                                                    _____
24                                                  Whitty Somvichian (194463)
                                                    Attorneys for Defendant Google Inc.
25

26

27

28  132815263